UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ZACHARY ENSLOW,  Case No. 3:18-cv-00713-MC

    Plaintiff,  ORDER

  v.

OREGON STATE,

    Defendant.

_____

MCSHANE, District Judge:

    Plaintiff, appearing pro se, files this action pursuant to 42 U.S.C. § 1983. However, plaintiff did not pay the filing fee or submit an Application to Proceed in Forma Pauperis, and he must do so to proceed without prepayment of the filing fee. Otherwise, plaintiff must pay the $400.00 filing fee for this case to proceed.

    Further, plaintiff's Complaint is deficient and must be amended. Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief."

1  - ORDER

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that the "Police of Portland Oregon" failed to investigate before they falsely arrested and imprisoned him for two weeks. Compl. at 4-5 (ECF No. 1). However, plaintiff names the State of Oregon as the only defendant. A civil rights action under § 1983 may be brought against "persons" acting under the color of state law. The State of Oregon is not a "person" for purposes of a § 1983 action and it is immune from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). Therefore, the State of Oregon is not a proper defendant.

Plaintiff may bring a § 1983 claim against the City of Portland only if an employee acted "pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker" of either the City. *Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). Otherwise, liability under § 1983 arises upon a showing of personal participation by an individual defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To proceed with this action, plaintiff must file an amended complaint with a short, plain statement indicating: 1) the constitutional right plaintiff believes was violated; 2) the name of the person who violated the right; 3) exactly what the individual did or failed to do; 4) when the individual's action or omission occurred; and 5) what specific injury plaintiff suffered because of the individual's conduct. If plaintiff seeks to bring a claim against the City of Portland, he must

identify a policy, practice, or custom or a decision of a final policymaker that led to the violation of his constitutional rights.

## CONCLUSION

Within 30 days from the date of this Order, plaintiff shall submit the $400.00 filing fee or an Application to Proceed in Forma Pauperis. Within 30 days from the date of this Order, plaintiff must also submit an amended complaint identifying the defendants who allegedly violated plaintiff's constitutional rights as directed above. Plaintiff is advised that the failure to do so will result in dismissal of this action.

The Clerk of the Court is directed to send plaintiff a form Application to Proceed in Forma Pauperis with this Order.

IT IS SO ORDERED.

DATED this 8th day of May, 2018.

                                              s/ Michael J. McShane
                                              Michael J. McShane
                                              United States District Judge